## Case No. 13,479.

### STOKES et al. v. KENDALL.

[1 Hayw. & H. 3.] [1]

Circuit Court, District of Columbia. Dec. 28, 1840. [2]

OFFICERS—LIABILITY FOR DAMAGES—MALICE—INTENTION TO INJURE.

An officer is liable for his acts, if the jury believe that he did not act in good faith and with intention to perform duly the duties of his office, and if he showed malice or intention to injure and oppress the plaintiffs.

The declaration claimed $100,000 damages, and contained three counts. The defendant pleaded not guilty, upon which issue was joined.

R. S. Coxe, M. St. C. Clarke, and J. H. Eaton, for plaintiffs.

Walter S. Jones and W. W. Dent, for defendant.

W. B. Stokes, Lucius W. Stockton, and Daniel Moore, surviving partners of R. C. Stockton, were contractors under the name of Richard C. Stockton, for carrying the mail, and besides performing the duties stipulated in their contracts, performed extra services, for which extra services the then postmaster-general (Major Wm. T. Barry), in conformity to the law and usage of the department caused credits to be entered on the books of the department in favor of the plaintiffs to the amount of $122,000; that the defendant was subsequently appointed postmaster-general, and wrongfully, oppressively, &c., caused the credits, upon which payments had been made, to be suspended on the books so that it was untruly, unlawfully and oppressively made to appear on the said books that the plaintiffs were indebted to the department in the said sum of $122,000, whereby they were unable to obtain large sums of money legally earned by them as contractors for other services, and were subjected to great expenses, delays, injuries and embarrassments, and were greatly injured in their credit and business, and suffered great losses in complying with their contracts with the department, &c.

The second count is for omitting, neglecting and refusing for a long space of time, viz., two years, to pay to the plaintiffs, &c., contrary to the duties and obligations of his office.

The third count sets out the act of congress

---

1 [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

2 [Reversed in 3 How. (44 U. S.) 87.]

of the 2d of July, 1836 [5 Stat. 112], by which the solicitor of the treasury was authorized and directed to settle and adjust the claims of the plaintiffs for the said extra services, and directing the postmaster-general to give credit for the amount which should be found by the solicitor. That the award was made for $161,563.89; whereby it became the duty of the postmaster-general to give credit, &c. That he refused, &c.

R. S. Coxe, for plaintiffs, opened the case, and offered the following evidence: A transcript of the record in the mandamus case against the same defendant, the report of the solictor of the treasury, and oral testimony relating to the partnership.

The defendant offered sundry depositions of officials of the government and other papers. The defendant offered four prayers to the court, viz.: 1st. That he was not responsible to the plaintiffs in the right in which they then sued under the first count. 2d. That he was not liable under the second count for refusing to comply with so much of the award of the solicitor as he, on the ground of want of jurisdiction in the said solicitor, refused to comply with. 3d. That he was not liable for consequential damages. 4th. That the plaintiffs had no joint right of action. All of which prayers were refused by the court. The defendant then offered certain evidence upon which he founded the following prayers: 1st. That the plaintiffs were not contractors. 2d. That the defendant was not liable if he acted from a conviction that the solicitor had no lawful jurisdiction to audit and adjust the items, &c. 3d. That he was not liable if he acted from a conviction that it was his official duty to set aside the extra allowance. 4th. That he was not liable for any of his acts if the jury believe that he acted with the bona fide intention to perform duly the duties of his office, and without malice or intention to injure and oppress the plaintiffs. All of which prayers the court refused to grant. The plaintiffs offered evidence to prove their special expenses and losses, such as counsel fees, tavern bills, discounts, &c., to the admission of which evidence the defendant objected; but the court overruled the objection and allowed it to be given.

The verdict was for the plaintiffs.

After the rendition of the verdict, the defendant produced the following certificate by the jurors and prayed the court to be permitted to have the same entered on the minutes of the court, to which the court assented: "We the jurors empanelled in the case of Wm. B. Stokes and others v. Amos Kendall, and in which case we have this day rendered our verdict for the plaintiffs for $11,000, do hereby certify that said verdict was not founded on any idea that the defendant performed the acts complained of by the plaintiffs, and for which we gave damages as above stated, with any intent other than a desire faithfully to perform the duties of his office of post-master-general, and protect the public interests committed to his charge, but the said damages were given by us on the ground that the acts complained of were illegal, and that the said sum of $11,000 was the amount of actual damage to plaintiffs, estimated by us to have resulted from said illegal acts."

Reversed by the supreme court, 3 How. [44 U. S.] 87.

NOTE. In a former proceeding the plaintiffs applied for a mandamus on the defendant, to compel him to pay the sum awarded to the plaintiffs. The supreme court of the United States affirmed the action of the court below [Case No. 15,517], awarding the writ. [Kendall v. U. S.] 12 Pet. [37 U. S.] 524. The present case is reported in 3 How. [44 U. S.] 87, the supreme court there holding:

1. That where a party has a choice of remedies for a wrong done to him, and he elects one and proceeds to judgment, and obtains the fruits of his judgment, he cannot, in any case, afterwards proceed to another suit for the same cause of action.

2. After a reference, an award, and the reception of the money awarded, another suit cannot be maintained on the original cause of action, upon the ground that the party had not proved, before the reference, all the damages he had sustained, or that his damage exceeded the amount which the arbitrator awarded.

3. Evidence of special damages was inadmissible under this declaration. It is in form an action for a tort, yet in substance and truth it is an action for the non-payment of money.